**FRANK C. CLEMENS PLUMBING COMPANY, Plaintiff-Appellee, v. H. C. HUBER CONSTRUCTION CO., INC., Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2292.   Decided December 3, 1954.

Beigel & Mahrt, Dayton, Louis R. Mahrt, of Counsel, for plaintiff-appellee.

Morris M. Gitman, Dayton, for defendant-appellant.

8

## OPINION

By WISEMAN, Presiding Judge:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County entered on a verdict returned in favor of the plaintiff in the amount of $8,478.80.

Defendant-appellant assigns as error: The amount recovered is excessive; the judgment is not sustained by sufficient evidence and is contrary to law; error in the charge; error in the admission of evidence over the objection of appellant.

Plaintiff, a plumbing contracting company, brought a suit against the defendant, a residential construction company, comprising three causes of action. Plaintiff, in its amended petition alleged that plaintiff and defendant entered into three separate oral contracts whereby plaintiff agreed to furnish and install the plumbing in 85 houses to be constructed by defendant company; one covering 22 houses, which was agreed upon and work commenced thereunder on or about October 18, 1950; another covering 46 houses, which was agreed upon and work commenced thereunder on or about November 8, 1950, and another covering 17 houses, which was agreed upon and work commenced thereunder on or about May 8, 1951; that a unit price of $788.00 had been agreed upon under the first contract, but that prior to the commencement of work on said job, labor and materials substantially increased in price, and that in consideration of plaintiff entering into the two contracts dated November 8, 1950 and May 8, 1951, and the agreement of plaintiff to absorb the increased cost of labor, the defendant agreed to pay plaintiff, in addition to the base unit price of $788.00, the actual net increased cost of material on all work done under the three contracts, the amount of which was then undetermined; that said net increased cost of materials amounted to $85.96 per unit, or $7,306.60 on the 85 houses.

For its second cause of action plaintiff alleges that for services rendered and material furnished for repairs and modifications of plans, there was due the plaintiff the sum of $1,069.03.

For its third cause of action plaintiff alleges that pursuant to a special verbal contract it furnished labor and material and did the plumbing work on the three houses known as experimental houses at an agreed price of $253.40 each, and that there is due thereon the sum of $760.20.

Plaintiff prayed for judgment in the total sum of $9,135.83.

Defendant filed an answer and cross-petition. In its answer it admitted the agreement alleged in plaintiff's first cause of action, but stated that the agreed price per unit was $788.00; and then followed a general denial. Defendant admitted owing something on the second cause of action, but denied it owed $1,069.03. Defendant admitted plaintiff furnished labor and material on the three experimental houses as alleged in the third cause of action, but denies it owes the amount claimed. Defendant's cross-petition comprises two causes of action; first, a claim for $1,530.00 for failure of plaintiff to insulate water pipes in the 85 houses; second, a claim of $2,016.11 as damages for negligent and careless installation of the plumbing causing damage to the defend-

ant. Defendant prayed judgment in the sum of $3,546.11. Plaintiff filed a reply denying the allegations in the cross-petition.

The case was thoroughly tried and the record, which is quite voluminous, discloses that there was evidence presented by both parties in support of their respective causes of action. There was also evidence presented disputing the claims of both parties. There was a definite conflict in the evidence which presented a jury question. The record shows that counsel for both parties, in conferences with the trial judge, and after considering all the legal questions involved, agreed that the trial court should submit to the jury two verdicts only. Two verdicts were submitted to the jury under proper instructions without interrogatories. The jury returned a general verdict for plaintiff in the amount of $8,478.80, which was considerably less than the total amount claimed by the plaintiff.

During the trial the defendant admitted to be due the total amount claimed by the plaintiff in its third cause of action, to-wit:—$760.20. Whether the jury allowed the defendant anything on its cross-petition, and the amount allowed to the plaintiff on its first and second causes of action, cannot be determined in view of the general verdict without interrogatories. We do not find the verdict to be excessive.

The defendant-appellant assigns as error that the judgment is contrary to law. The defendant contends that it at no time agreed to pay the increased cost of materials in addition to the $788.00 per unit price, and further contends that if a promise were made it was not supported by sufficient consideration. Defendant cites the well-established rule of law that an agreement to do that which a party is already bound to do is not a sufficient consideration to support a promise. However, there was evidence that at the time the first verbal contract was entered into the matter of increased cost of labor and material was raised by the plaintiff. The record shows that at that time the plaintiff was in the process of completing work on a previous contract with the defendant, which was taken on a base unit price of $788.00. The evidence shows that the increased cost of material could not be determined until the plumbing work was done. The evidence presented by the plaintiff, which is admitted by the defendant, was to the effect that defendant told plaintiff to proceed to order the material and get the work done and later present figures with respect to cost. The evidence presented on behalf of plaintiff supported its allegations in the amended petition that before the last two contracts were entered into defendant promised to pay the increased cost of material. In law such promise was supported by sufficient consideration. This issue was submitted to the jury under proper instructions.

The defendant contends the court erred in its general charge to the jury. The court charged that if they found for the plaintiff on its first cause of action, plaintiff would be entitled to recover the reasonable value of the increased cost of materials. In view of the fact that the defendant at all times claimed that the figures submitted by the plaintiff on the cost of materials were excessive, an issue of fact was made as to the amount of the increase. In our opinion the charge was proper.

From time to time the plaintiff submitted to the defendant invoices showing the increased cost of materials on the work then performed. These invoices were introduced into evidence over the objection of the defendant. We fail to find that the introduction of the invoices constituted error as contended by the appellant.

We refrain from making a more detailed statement of the facts and from a discussion of the various contentions made by the appellant with respect thereto, as we do not believe it would serve any useful purpose.

It lies within the sound discretion of the trial court to permit a witness to testify who sat in a courtroom for a time during the progress of the trial and who had not been informed that a separation of witnesses had been ordered.

Time allowed counsel for argument is discretionary with the trial court. It is not error for the trial court to grant additional time to counsel for appellee for argument where some of his allotted time was consumed by objections of counsel for appellant, discussion of the matters raised, and rulings thereon.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

MILLER and HORNBECK, JJ, concur.